UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Farrukh Agha,<br><br>                              Plaintiff,<br>    -v-<br><br>TForce Final Mile, LLC, and<br>Dynamex Inc.,<br><br>                              Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Farrukh Agha ("Plaintiff" or "Agha"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants TForce Final Mile, LLC, and Dynamex Inc., (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that he is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C § 216(b).

2. Plaintiff further complains, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations there under - 12 NYCRR § 142-2.2.

3. Defendants, individually and/or jointly, breached the contract they had with Plaintiff – Plaintiff was not paid any monies or wages for his last week of work with Defendants, and

1

upon information and belief, Defendants did not pay Plaintiff the full amount of monies/wages for his delivery work each week. Plaintiff is therefore entitled to damages for such breach.

4. Plaintiff is further entitled to recover his unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including sections 191, 193, 196, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff Farrukh Agha ("Agha" or "Plaintiff") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

9. Upon information and belief and at all times relevant herein, Defendant TForce Final Mile, LLC ("TForce") was a for-profit limited liability company.

10. Upon information and belief and at all times relevant herein, Defendant Dynamex Inc. ("Dynamex") was a for-profit corporation.

2

11. Upon information and belief, Defendant TForce acquired or merged with Defendant Dynamex at some point in 2016.

12. Upon information and belief and at all times relevant herein, Defendant TForce and Dynamex shared a main place of business at 26 West 39th Street New York, NY 10018, where Plaintiff was interviewed and hired by Defendants.

13. Upon information and belief and at all times relevant herein, Defendants TForce and Dynamex, individually and/or jointly, controlled the employment of Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

14. At all times relevant herein, Defendants employed Plaintiff individually and/or jointly.

## STATEMENT OF FACTS

15. Upon information and belief, and at all relevant times herein, Defendants were in the courier and delivery business throughout the United States, including in New York State. See https://www.tforcefinalmile.com/

16. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, employed hundreds of employees.

17. A few days prior to July 26, 2016, Plaintiff answered an advertisement placed by Defendants on Craigslist for delivery workers.

18. On or about July 26, 2016, Defendants interviewed Plaintiff at their offices located at 26 West 39th Street, New York, NY 10018. At that interview, Defendants reviewed Plaintiff's driver's license and driving record, and Plaintiff was hired for the position of deliveryman subject to him passing an employment/criminal background check and a urine drug test.

19. Plaintiff was hired and his employment began on or about July 29, 2016.

20. During his employment with Defendants, Plaintiff delivered medicines from several pharmacies affiliated with Long Island Jewish Hospital ("LIJ"), to customers of those pharmacies, including individuals and medical offices and centers. During the period of his employment with Defendants, Plaintiff would also collect blood and other specimens and transport them to a laboratory for testing. During this period Plaintiff also delivered parts for ATM and related machines to several bank locations. Beginning around January 2017 Plaintiff's duties with Defendants also involved picking up money from numerous medical centers affiliated with LIJ such as urgent care centers, and delivering the money to LIJ's New Hyde Park office.

21. During the period of Plaintiff's employment with Defendants, Plaintiff would begin his work day at around 7:30 a.m. and would end his shift/work day at around 7:30 p.m. to 8:30 p.m. Because of the demands and nature of his delivery job, Plaintiff did not receive any dedicated lunch break - he ate on the go each day.

22. During Plaintiff's employment with Defendants from on or about July 29, 2016 to December 2016, Plaintiff worked seven (7) days a week for Defendants. During the period of Plaintiff's employment with Defendants from January 2017 to on about August 4, 2017 when his employment ended, Plaintiff worked five (5) days a week for Defendants.

23. At all times relevant herein, Defendants set Plaintiff's work schedule and work hours based on the requirements of Defendants' delivery business.

24. At all times relevant herein, Plaintiff worked about 84-96 or more hours each week for Defendants, 12-13 hours a day, 7 days a week, during the period July 29, 2016 to December 2016, and about 60-65 hours each week for Defendants from January 2017 to August 4, 2017 when his employment with Defendants ended.

25. At all times relevant herein, Defendants paid Plaintiff at an hourly rate of about $11.90 - $14.58 an hour for each and all hours worked including his overtime hours (hours over 40 in a week).

26. At all times relevant herein Plaintiff was paid wages weekly by Defendants – by bank deposit without the wage statement required by NYLL 195(3).

27. As required by Defendants' employment rules, Plaintiff provided Defendants with two weeks' notice prior to the termination of this employment.

28. A few weeks after Plaintiff's employment ended, Plaintiff received a check from Defendants dated August 18, 2017 in the amount of $1,360.72, representing wages owed (over 90 hours of work for the week – Plaintiff worked extra shifts to cover for an absent co-worker), for Plaintiff's last week of work – not including the overtime and other wages otherwise sought in this case. However, the check bounced and Plaintiff was unable to cash it and get his wages – therefore, Plaintiff was not paid any wages by Defendants for his last week of work.

29. A more precise statement of the hours and wages will be made when Plaintiff Agha obtains the wage, time and employment records Defendants were required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate copies of Plaintiff's wage and time records that Defendants were required to keep are incorporated herein by reference.

30. At all times relevant herein, the delivery work Plaintiff performed was integral to Defendants' business – Defendants were in the delivery business.

31. At all times relevant herein, Defendants dictated the work that Plaintiff performed, his days of work and his hours of work.

32. At all times relevant herein, Plaintiff was supervised by Defendants – throughout his work day, Plaintiff would report to and take directions and instructions from Defendants' dispatchers as to all aspects of his job and Plaintiff had to comply with Defendants' delivery instructions and deadlines etc.

33. At all times relevant herein, in delivering each package, Plaintiff would be required to enter information into Defendants' system through Defendants' software application installed on

Plaintiff's phone as required by Defendants. Defendants also recorded and tracked Plaintiff's work hours through this software application.

34. At all times relevant, Plaintiff was required to and wore Defendants' uniform – a shirt with the Dynamex name and logo on it.

35. At all times relevant herein, Plaintiff was required to wear an identification badge issued by Defendants, while working for Defendants, and he did so.

36. At all times relevant herein, Plaintiff was required to represent himself as Defendants and was required to follow Defendants' rules and procedures in performing his job.

37. At all times relevant herein, Defendants, directed and instructed Plaintiff as to what work to do and how to do such work.

38. At all times relevant herein, Defendants provided Plaintiff with tools and equipment to perform his job, except for the delivery vehicle and the costs of such vehicle.

39. At all times relevant herein, Plaintiff was never in business for himself and was economically dependent for employment, work and wages on Defendants.

40. At all times relevant herein, Plaintiff has been employed by Defendants from on or about July 29, 2016 until on or about August 4, 2017.

41. At all times relevant herein, Plaintiff worked more than forty hours a week for Defendants.

42. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

43. At all times relevant herein, Defendants had a policy and practice of deducting the costs of parking tickets and tolls from the wages of its delivery drivers like Plaintiff. For example, Plaintiff expended about $25 a day or more for gas in performing delivery work for

Defendants and was never reimbursed for such work-related expenses in violation of NYLL 193 and related regulations.

44. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

45. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3).

46. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, had annual revenues from their operations of more than five hundred thousand dollars ($500,000) – Defendants had annual revenues of millions of dollars at all times relevant herein.

47. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

48. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce.

49. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

50. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

51. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

52. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

53. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

54. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

55. "Plaintiff" as used in this complaint refers to the named Plaintiff.

56. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

57. All times applicable or relevant herein, the FLSA overtime claim refers to the two-year and three-year period preceding the filing of this complaint but this period may be longer. All times applicable or relevant herein, the NYLL overtime claim refers to the six-year period preceding the filing of this complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
**(DECLARATORY JUDGMENT)**

58. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 57 above as if set forth fully and at length herein.

59. At all times relevant herein, Defendants misclassified Plaintiff as an independent contractor, even though Plaintiff was at all relevant times, an employee of Defendants as a matter of law.

60. Plaintiff seeks a declaratory judgment that at all relevant times herein, he was an employee of Defendants, individually and/or jointly, under the Internal Revenue Code, and specifically, under the Federal Insurance Contributions Act ("FICA"). See 26 U.S.C. § 3121(b). U.S. v. MacKenzie  777 F.2d 811, 814 (2d Cir., 1985).

61. Plaintiff also seeks a declaratory judgment that at all relevant times herein, he was an employee of Defendants, individually and/or jointly, under the federal Fair Labor Standard Act and New York Labor Law under which Plaintiff sues herein. See <u>Barfield v. N.Y.C. Health & Hosps. Corp.</u>, 537 F.3d 132, 141–42 (2d Cir.2008). <u>Brock v. Superior Care, Inc.</u>, 840 F.2d 1054 (2d Cir.1988).

62. The declarations of employee status sought by Plaintiff herein, will allow Plaintiff to seek certain tax contributions from Defendants, as well as make him eligible to seek a range of benefits that comes with employee status such as unemployment insurance benefits, as well as benefits offered by Defendants to their other employees and other benefits provided by law to employees. Plaintiff herein is seeking to recover all benefits that come with employee status that can be recovered in this action under law.

<b><u>AS AND FOR A SECOND CAUSE OF ACTION</u></b><br><b><u>FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)</u></b>

63. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 62 above as if set forth fully and at length herein.

64. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA - 29 U.S.C 201 et Seq.

65. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207(a).

66. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

67. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of

pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

68. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

69. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 68 above as if set forth fully and at length herein.

70. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

71. At all times relevant herein, Defendants, individually and/or jointly, failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

72. Due to Defendants' NYLL overtime violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195, 196 and 198, and Breach of Contract)

73. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 72 above with the same force and effect as if fully set forth at length herein.

74. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, 196 and 198 and the applicable regulations thereunder.

75. At all relevant times herein, Defendants, individually and/or jointly, violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193, 196 and 198 by failing to pay Plaintiff his wages, including his unpaid non-overtime and overtime wages, (FLSA and NYMWA), including all unpaid wages/monies as a result of Defendants' breach of contract, within the time required under NY Labor Law § 190 et seq., and by failing to reimburse Plaintiff for unlawful wage deductions as laid out above.

76. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff, with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

77. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

78. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193, 196 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid non-overtime wages, overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of

NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

79. Declare Defendants, individually and/or jointly, to be employers of Plaintiff, and declare Defendants, individually and/or jointly, (including their overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL §§ 191, 193, 196 and 198.

80. As to the **First Cause of Action**, issue a declaratory judgment that Plaintiff at all relevant times was an employee of Defendants, individually and/or jointly, under the Internal Revenue Code, including the Federal Insurance Contributions Act, as well as under the FLSA and NYLL.

81. As to the **Second Cause of Action,** award Plaintiff his unpaid overtime wages under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

82. As to the **Third Cause of Action,** award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

83. As to the **Fourth Cause of Action**, award Plaintiff his entire unpaid wages, including his unpaid non-overtime and overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

84. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

85. Award Plaintiff further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **September 25, 2017**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*