UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
FARRUKH AGHA,                                    :
                                                 :
                         Plaintiff,              :
                                                 :          17cv7301
        -against-                                :
                                                 :          MEMORANDUM & ORDER
TFORCE FINAL MILE, LLC and                       :
DYNAMEX INC.,                                    :
                                                 :
                         Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

WILLIAM H. PAULEY III, Senior United States District Judge:

Plaintiff Farrukh Agha brings this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action against Defendants TForce Final Mile, LLC and Dynamex Inc. Agha seeks judicial approval of a settlement of the claims in this action pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015). For the reasons that follow, Agha's application is denied.

BACKGROUND

The operative facts are straightforward. Agha worked for Defendants as a delivery worker from July 29, 2016 until August 4, 2017. The gravamen of the complaint is that Defendants failed to pay Agha overtime wages at the applicable overtime rate in violation of the FLSA and also violated the NYLL's notices and statements provisions. On January 9, 2018, this Court granted Defendants' motion to compel arbitration and stayed the action pending arbitration. (See ECF No. 25.)

Instead, Agha filed an application on January 23, 2018 seeking an order of reference to the magistrate judge. (ECF No. 26.) The application represented that the parties

had agreed to pursue settlement to avoid arbitration costs, notwithstanding this Court's directive

that Defendants would bear all arbitration costs and the fact that Defendants had moved to

compel arbitration in the first instance.  The application also proposed that the parties proceed to

arbitration only if they could not settle before a magistrate judge.

   This Court denied the application and directed the parties to make a good faith

effort to expeditiously arbitrate the matter on the basis that the Federal Arbitration Act ("FAA")

mandates a stay "until such arbitration has been had."  (See ECF No. 27 (citing 9 U.S.C. § 3).)

On March 14, 2018, the parties submitted a joint status report representing that a conference call

had been scheduled with the American Arbitration Association to be followed by the

appointment of an arbitrator and the commencement of discovery.  (ECF No. 28.)  Months later,

Agha filed the instant settlement materials on November 6, 2018, seeking judicial approval of the

settlement under Cheeks.  (ECF No. 29.)  The settlement agreement has not been executed by

Defendants.

## DISCUSSION

   The settlement provides for a fund of $23,500, with Agha to receive $12,000 and

counsel to receive $11,500 in fees and costs.  Based on discovery from Defendants, Agha

warrants a potential recovery of $3,049 in unpaid overtime, $10,000 in liquidated damages, and

$8,650 in reimbursement of work-related expenses for a $21,699 upper limit in potential

recovery.  Whatever the fairness and reasonableness of the settlement award, attorney's fees, or

terms of the settlement agreement, however, this Court declines to approve the settlement

because it has already remitted this matter to arbitration in accord with the terms of a valid and

enforceable arbitration provision upon Defendants' application to compel arbitration.

   In particular, under the arbitration provisions, the parties had agreed to resolve

certain disputes in accord with the FAA "through binding arbitration before an arbitrator and <u>not by way of a court or jury trial</u>."  (ECF No. 14-1 ("Agreement"), ¶ 16(a) (emphasis added).)  The claims that are covered by this provision include those under the FLSA, state statutes addressing the same or similar subject matters, and other federal and state statutory and common law claims. (Agreement, ¶ 16(a)(1).)  In compelling arbitration, this Court held on the record that (1) the parties had agreed to arbitrate, as evidenced by the arbitration provision; (2) the scope of the claims fell within the scope of the arbitration provision; and (3) Congress did not intend FLSA claims to be non-arbitrable.  <u>See</u> <u>JLM Indus., Inc. v. Stolt-Nielsen SA</u>, 387 F.3d 163, 169 (2d Cir. 2004) (setting forth the standard on a motion to compel arbitration); <u>see also</u> <u>Rodriguez-Depena v. Parts Auth., Inc.</u>, 877 F.3d 122, 123 (2d Cir. 2017) (holding that FLSA claims are arbitrable).

Having commenced the arbitration process pursuant to a court order compelling arbitration under a valid and enforceable arbitration provision, the parties waived their choice of a judicial forum.  <u>Cf.</u> <u>Southland Corp. v. Keating</u>, 465 U.S. 1, 7 (1984) ("Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts.").  In other words, the parties are bound by the terms of their agreement to resolve the disputes at issue in this action in an arbitral forum "and not by way of a court."  (Agreement, ¶ 16(a).)  <u>Accord</u> <u>Sinnett v. Friendly Ice Cream Corp.</u>, 319 F. Supp. 2d 439, 443-44 (S.D.N.Y. 2004) (explaining that "parties are bound 'by the contracts they sign whether or not the party has read the contract so long as there is no fraud, duress or some other wrongful act of the other party'").  The fact that <u>Cheeks</u> requires judicial or Department of Labor approval of a settlement that dismisses FLSA claims with prejudice does not alter this conclusion—as the Second Circuit explains, <u>Cheeks</u> is meant to "assur[e] . . . the fairness of a settlement of a claim filed in court," not to "guarantee . . .

a judicial forum."  Rodriguez-Depana, 877 F.3d at 124.

Notably, Agha's settlement papers make scant reference to the parties' agreement to forego a judicial forum for the claims in this action.  To the contrary (and somewhat counterintuitively), Agha only mentions the arbitral forum to support his argument that the parties' settlement should be approved to avoid the possibility that an arbitrator might award nothing.  But such an argument directly contravenes the plain language of the arbitration provisions that Agha already agreed to (i.e., the eschewing of a judicial forum in favor of an arbitral one) and is inconsistent with principal objective of the FAA to "ensure judicial enforcement of privately made agreements to arbitrate."  Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219-20 (1985).  Moreover, Agha's repeated efforts to evade arbitration evinces a pattern of noncompliance with this Court's orders compelling arbitration.  Indeed, this Court already considered and rejected Agha's arguments in opposition to Defendants' application to compel arbitration.  And the settlement currently before this Court—apparently brokered precisely to avoid the arbitral forum—cannot be squared with this Court's prior denial of the parties request for a referral to a magistrate judge to afford the parties an opportunity to settle before attempting arbitration.

Simply put, "this is no longer a case in which arbitrability is itself an issue." Bancol Y Cia. S. En C. v. Bancolombia S.A., 123 F. Supp. 2d 771, 772 (S.D.N.Y. 2000).  This Court has already remitted this action for arbitration in accord with the parties' agreement.  They cannot now avail themselves of a judicial forum.[1]  Cf. Dean Witter Reynolds, 470 U.S. at 218 ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but

---

[1]       This Court expresses no view as to the propriety of a settlement that dismisses Agha's FLSA claims without prejudice.  Cheeks, 796 F.3d at 201 n.2 (declining to resolve the question of whether parties may settle FLSA cases without court approval by dismissing without prejudice).

instead mandates that district courts <u>shall</u> direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." (emphasis in original)).

<u>CONCLUSION</u>

For the foregoing reasons, Agha's motion for approval is denied.

Dated: December 26, 2018
    New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.